FILED
CLERK, U.S. DISTRICT COURT
12/17/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOSHUA JENKINS,

    Defendant.

Case No.: CR 20-00068-CJC-1

**ORDER OF DETENTION**

## I. INTRODUCTION & BACKGROUND

Defendant Joshua Jenkins is charged with five crimes related to a conspiracy involving an armed robbery of a pharmaceutical delivery truck. (Dkt. 1 [hereinafter "Indictment"].) Specifically, he is charged with (1) conspiracy to commit interference with commerce by robbery, (2) interference with commerce by robbery, (3) conspiracy to

possess with intent to distribute controlled substances, (4) possession with intent to distribute controlled substances, and (5) brandishing a firearm in furtherance of a crime of violence and drug trafficking offense. (*Id.*) The indictment alleges that Defendant hijacked a pharmaceutical delivery truck at gunpoint and stole over $62,000 of prescription drugs for distribution. (*See id.* at 3.)

On June 9, 2020, the magistrate judge ordered Defendant detained pending trial. (Dkt. 19). Defendant has since filed two applications for reconsideration of that detention order, and the magistrate judge denied them both. (Dkts. 34, 59.) Now before the Court is Defendant's application for review of the magistrate judge's November 17, 2020 order of detention. (Dkt. 65 [hereinafter, "App."].) For the following reasons, Defendant's application is **DENIED**.

## II. LEGAL STANDARD

The Bail Reform Act permits pretrial detention of a defendant without bail when no condition or combination of conditions would reasonably assure either "the appearance of the person as required" or "the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government has the burden to prove by a preponderance of the evidence that the defendant poses a serious risk of flight or to prove by clear and convincing evidence that the defendant poses a danger to the community. *See* 18 U.S.C. § 3142(e), (f). When determining whether to release or detain a defendant, courts consider (i) the nature and circumstances of the offenses charged, (ii) the weight of the evidence against the defendant, (iii) the history and characteristics of the defendant, and (iv) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

//

When there is probable cause to believe that a defendant committed certain serious crimes enumerated in § 3142(e)(3), the Bail Reform Act creates a rebuttable presumption that the defendant is ineligible for bail.  The offenses charged in the Indictment here trigger that presumption.  *See* 18 U.S.C. § 3142(e)(3).  "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quotations omitted).  "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government."  *Id.*

The Bail Reform Act also permits "the temporary release of the [defendant]," when "the judicial officer determines such release to be necessary for preparation of the [defendant's] defense or for another compelling reason."  18 U.S.C.A. § 3142(i).

## III. DISCUSSION

Defendant seeks pretrial release under both 18 U.S.C. § 3142(e) and § 3142(i).

### A.   Defendant is Not Entitled to Release Under § 3142(e)

The Bail Reform Act permits pretrial detention of a defendant without bail when no condition or combination of conditions would reasonably assure either "the appearance of the person as required" or "the safety of any other person and the community."  18 U.S.C. § 3142(e).  Here, the Court finds by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community.  First, both the nature of the offenses charged and the evidence supporting those charges are strong evidence of Defendant's danger to the community.  The indictment alleges that Defendant hijacked a pharmaceutical delivery truck at

gunpoint and stole over $62,000 of prescription drugs for distribution. (Indictment at 3.) These allegations are supported by cellular phone site data, which reveals that Defendant was travelling along the same route as the pharmaceutical truck at the time of the robbery, (*see* Dkt. 67-2 Ex. C), and Defendant's text messages, which show him planning the robbery, attempting to obtain a firearm, and negotiating drug sales following the robbery, (*see* Dkt. 67-2 Ex. B).

Second, Defendant has a significant and dangerous criminal history. Since 2007, he has been convicted of several crimes including firearm possession, battery, burglary, and corporal punishment of his spouse. (Dkt. 67 at 6.) He is also an admitted member of the Crips, a dangerous street gang. (Dkt. 67-2 Ex. G at 3.) And very troubling, he attempted to intimidate a cooperating witness who was detained at the same facility as him by informing other inmates of the witness's cooperation. (*See* Dkts. 70, 71.)[1]

Defendant argues that an unsecured $236,000 bond combined with his proposed conditions of release can reasonably assure the safety of the community, but the Court is unconvinced. (App. at 4–5, 7.) Because Defendant was already on parole when he committed the alleged robbery, the Court has no reason to believe that court-imposed supervision would prevent him from injuring and intimidating people or otherwise participating in criminal activity if he were released. Accordingly, pretrial release is not warranted because no condition or combination of conditions would reasonably assure the safety of the community.

//

---

[1] Defendant contends that his witness intimidation is supported only by hearsay, but "the government may proceed in a detention hearing by proffer or hearsay." *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986).

### B. Defendant is Not Entitled to Release Under § 3142(i)

The Court also concludes that Defendant should not be released temporarily under 18 U.S.C. § 3142(i). Section 3142(i) "permit[s] the temporary release of the [defendant]" when "such release [is] necessary for preparation of the [defendant's] defense or for another compelling reason." 18 U.S.C. § 3142(i). A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). *United States v. Hernandez*, 2020 WL 4287585, at *2 (C.D. Cal. July 24, 2020).

Defendant argues that he is entitled to temporary release because (1) his asthma makes him particularly vulnerable to COVID-19 and (2) pandemic-related jail restrictions are impeding preparation of his defense. The Court disagrees.

First, Defendant's asthma is not a compelling reason that warrants his temporary release. Courts have typically granted relief under § 3142(i) due to a defendant's medical condition only "sparingly . . . where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Terrone*, 454 F. Supp. 3d 1009, 1018 (D. Nev. 2020) (quoting *United States v. Hamilton*, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)). Defendant has not established that his asthma rises to anywhere near that level. His last asthma attack was five years ago and he has not demonstrated that his asthma is severe, cannot be controlled by medication, or is not being adequately addressed by the facility where he is held. (Dkt. 65-1 at 9); *see United States v. Keeton*, 457 F. Supp. 3d 855, 862 (E.D. Cal. 2020) (denying temporary release under § 3142(i) when "the record does not make clear how severe defendant's asthma is and whether it is 'well-controlled' with medication or other forms of care"). "Without more, the mere fact that Defendant's asthma places him in a clinical population at greater risk of coronavirus infection does not distinguish him from other detainees or inmates with similar medical conditions . . .

during the current national health crisis." *United States of Am. v. Ryan*, 445 F. Supp. 3d 707, 708 (C.D. Cal. 2020).

Second, Defendant's temporary release is not necessary for the preparation of his defense. *See* 18 U.S.C. § 3142(i). Section 3142(i) permits temporary release for the preparation of a defense only "in rare circumstances" when release is "*necessary*." *United States v. Villegas*, 2020 WL 1649520, at *1 (C.D. Cal. Apr. 3, 2020) (emphasis added); 18 U.S.C. § 3142(i). Defendant is currently held at Santa Ana City Jail which allows one-hour video teleconferencing sessions between defendants and their counsel. (App. at 13.) While Defendant asserts that these sessions have not been "readily available," (*id.*), a scarcity of video teleconferencing sessions alone does not establish that release is necessary at this point in time, *see Villegas*, 2020 WL 1649520, at *1 (stating that release is not permitted when it would be merely "helpful, preferable, or even ideal" and requiring that defendants at least "show why less drastic measures—such as . . . alternative means of communication (including in writing[)] . . . would be inadequate").[2] Defendant has neither shown that other means of communication are unavailable nor explained why there is anything "unique about [his] situation—as opposed to all detained defendants who must assist in their defense within the limits of pretrial custody." *See id.* Moreover, because Defendant's trial is not scheduled until April 6, 2020, (Dkt. 61), there is ample time for Defendant and his counsel to either schedule video teleconferencing sessions or avail themselves of alternative means of communication. Accordingly, the Court concludes that Defendant's temporary release is not "necessary" at this point in time, months before his scheduled trial. *See id.*

---

[2] Defense counsel has also shown a desire to meet with Defendant in person, which is one reason why Defendant requested a transfer to this district from a detention center in Arizona. (Dkt. 36 ["Nor can legal representation by video and phone compensate for the ability of defense counsel, when preparing for trial, to conduct in-person legal visits."].) The Court has no information indicating that Defendant and counsel cannot meet in person at Santa Ana City Jail.

## IV. CONCLUSION

For the foregoing reasons, Defendant's application for review of the magistrate judge's detention order is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for private consultation with counsel.

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States marshal for the purpose of an appearance in connection with all court proceedings in this case.

DATED: December 17, 2020

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

cc: U.S. Attorney General; USM